### EDWARD MESSICK *vs.* CANNON DAWSON.

Several suits cannot be brought on a single cause of action, so as to bring it within the jurisdiction of a justice of the peace.

CERTIORARI to justice Redden.

The defendant filed an affidavit with his assignment of errors, stating that the judgment in this case was one of two obtained on a single cause of action, which was for the price of a horse at sixty dollars, and which the plaintiff had split, with a view to bring it within the jurisdiction of a justice of the peace.

Depositions on both sides were taken on interrogatories filed ; and, it appearing to the court that the cause of action on which the two suits were brought before the justice was single, and had been improperly divided, the judgment was reversed on this ground. (*a.*)

Judgment reversed.

*Layton* for Messick.
*Wootten* and *Frame* for Dawson.

———»>>●●●<<●——

### Lessee of JAMES ANDERSON *vs.* CURTIS STEAN, sen'r.

In ejectment, plaintiff cannot go out of his plot to prove defendant's possession of other lands.

EJECTMENT.

In this case the court ruled, that plaintiff was confined in his proof of defendant's possession to that land which he marked, and stated on his plot to be in defendant's possession ; that the plot was notice of the land in controversy, and the plaintiff cannot prove defendant to be in possession of lands out of the lines which are marked as covering the land in dispute, and in possession of the defendant.

———»>>●●●<<●——

### VINCENT W. MOORE and Ann his wife, late ANN WHITAKER *vs.* JAMES WHITAKER.

A marriage void because contracted within the prohibited degrees, can be confirmed by a subsequent act of assembly.

DEBT on a guardian bond, for a distributive balance. Narr. Plea denying the marriage of plaintiffs ; or that it was lawful.

(*a*) Layton *vs.* Polk. Same *vs.* Same.
Supreme Court, Kent, October Term 1814. Action for money had and re-

The plaintiffs married within the degrees prohibited by the act of assembly (*Digest* 400.) The legislature by a special act passed before bringing this action, confirmed the marriage.

The question was, whether the parties were legally married at the commencement of this suit, the marriage being origina'ly void, and it not being shown that the wife joined in or assented to the application, which was subsequently made to the legislature to confirm the marriage. It was insisted also, that the wife, being an infant, was not competent to bind herself by such proceeding.

*Per curiam.* The disability was a statutory one, and is removed by statute. The legislature has the power to declare what shall be · valid marriages. They can annul marriages already existing—a fortiori, they can render valid marriages, which when they took place were against law. They can exercise the power of marriage, or delegate it to others. The whole subject is one of legislative regulation; and the act to confirm this marriage, though contracted within the prohibited degrees disposed of all legal objection to its validity.

ceived. The plaintiff claimed twenty-seven dollars and thirty cents as money *levied and made, by the said William Layton, constable, by the sale of the goods, &c., of Reuben Taylor on executions;* which sum of twenty-seven dollars and thirty cents, was legally applicable to a certain execution against the said Reuben Taylor, *in favor of the said Joseph Polk.* May 15, 1812. Judgment for plaintiff by default for debt $27 30. Costs 56 cents.

The record in the second cause was precisely in the same words, with the single exception, that the debt demanded in that case was $25 22.

Assignment of errors. The said William Layton by Thomas Clayton, his attorney, saith there is manifest error in the record and proceedings aforesaid in this, to wit:—That the debt demanded by the said Joseph Polk against the said William Layton amounted to the sum of fifty-dollars and fifty-two cents; and for the purpose of recovering the said debt, the said Joseph Polk instituted two suits before the said justice, demanding part of the said debt in each suit; and judgment was accordingly given for a part of the said debt in each of the said suits, although the said debt was one entire demand, of which the said justice had not cognizance. Therefore, the said William Layton prays, that the proceedings and judgment aforesaid, for the cause aforesaid, and others appearing on the said proceedings may be reversed and held for nothing. These causes came on to-day together.

*Per curiam.*—It appears upon the face of the record that the cause of action was divided, in order to recover the money before a justice of the peace; the whole of the demand being above £12, which is not allowable— the proceedings are erroneous.

Judgments reversed.